## **NOT FOR PUBLICATION**

# United States District Court

EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DONNIE M. PEOPLES | § | |
| | § | |
| V. | § | CASE NO. 4:12-CV-438 |
| | § | Judge Clark/Judge Mazzant |
| CITIMORTGAGE, INC. | § | |

### MEMORANDUM OPINION

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. #23). The Court, having considered the relevant pleadings, finds that Defendant's motion should be granted.

### BACKGROUND

Plaintiff filed this action on June 4, 2012, in state court. On July 13, 2012, Defendant removed this action to this Court. On July 17, 2012, the Court entered its Order and Advisory giving Plaintiff an opportunity to file an amended complaint. Plaintiff did not file an amended pleading at that time. On February 27, 2013, with permission of the Court, Plaintiff filed an amended complaint (Dkt. #21).

Plaintiff states that he is the owner of the property located at 2908 Royal Oaks Drive, Plano, Texas 75074 (the "Property"). On or about February 11, 2008, Plaintiff purchased the Property through the execution of certain loan documents, specifically a Deed of Trust and Note. Per the Petition, the Deed of Trust identifies NTFN, Inc. as the lender and Mortgage Electronic Registration Systems ("MERS") as the beneficiary.

On March 13, 2013, Defendant filed a Motion to Dismiss (Dkt. #23). No response was filed.

## LEGAL STANDARD

Defendant moves for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes certain defenses to be presented via pretrial motions. A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The claims must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). "The Supreme Court recently expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez*, 577 F.3d at 603 (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "It follows, that 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'shown' - 'that the pleader is entitled to relief.'" *Id*.

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In determining whether to grant a motion to dismiss, a district court may generally not "go outside the pleadings." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). When ruling on a motion to dismiss a *pro se* complaint, however, a district court is "required to look beyond the [plaintiff's] formal complaint and to consider as amendments to the complaint those materials subsequently filed." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *Clark v. Huntleigh Corp.*, 119 F. App'x 666, 667 (5th Cir. 2005) (finding that because of plaintiff's *pro se* status, "precedent compels us to examine all of his complaint, including the attachments"); FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Furthermore, a district court may consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are

3

central to the plaintiff's claim. *Scanlan*, 343 F.3d at 536.

## DISCUSSION AND ANALYSIS

On March 13, 2013, Defendant filed a motion to dismiss (Dkt. #23). No response was filed.

Local Rule CV-7(d) provides as follows:

**Response and Briefing.** The response and any briefing shall be contained in one document. A party opposing a motion shall file the response, any briefing and supporting documents within the time period prescribed by Subsection (e) of this rule. A response shall be accompanied by a proposed order conforming to the requirements of Subsection (a) of this rule. Briefing shall contain a concise statement of the reasons in opposition to the motion and a citation of authorities upon which the party relies. **In the event a party fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no opposition.** (Emphasis added).

Plaintiff has not filed a response. Since Plaintiff has not filed a response, the Court will assume that he is not opposed to the Court's granting Defendant's motion to dismiss.

Furthermore, a review of Defendant's motion illustrates that Plaintiff has no plausible claims against Defendant. The crux of the Amended Complaint is same as that of his previous complaint, which is that Defendant lacks standing to enforce the Note and Deed of Trust against him and to foreclose on the property at issue. However, Plaintiff lacks standing to challenge Defendant's standing. The Court has reviewed the motion to dismiss and finds that Defendant's motion to dismiss should be granted.

It is therefore ORDERED that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. #23) is hereby **GRANTED** and Plaintiff's case is DISMISSED with prejudice.

**SIGNED this 5th day of April, 2013.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE